Christopher L. Halgren
State Bar No. 24069859
Elizabeth H. Lawrence
State Bar No. 24137522
MCGINNIS LOCHRIDGE LLP
609 Main Street, Suite 2800
Houston, Texas 77002
(713) 615-8500
(713) 615-8585 (Fax)
Email: *chalgren@mcginnislaw.com*
*elawrence@mcginnislaw.com*
ATTORNEYS FOR BMO BANK N.A.

### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 25-41544-elm11 |
| BALKAN EXPRESS, LLC, | § § | Chapter 11 |
| *Debtor* | § § § | |

### BMO BANK N.A.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO GUARANTOR, DEBTOR, AND TWENTY-FIVE ITEMS OF EQUIPMENT COLLATERAL

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON U.S. COURTHOUSE, 501 W. 10TH ST., FORT WORTH, TX 76102-3643 BEFORE CLOSE OF BUSINESS ON JULY 29, 2025, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

BMO Bank N.A. f/k/a BMO Harris Bank N.A.[1] ("BMO"), a secured creditor and party in interest in the above-styled and numbered bankruptcy case, by and through undersigned counsel, hereby submits this *Motion for Relief from Automatic Stay as to Guarantor, Debtor, and Twenty-Five Items of Equipment Collateral* (the "Motion"), and would respectfully show as follows:

## I. JURISDICTION AND VENUE

1. This is a proceeding in accordance with Bankruptcy Rule 9013, seeking relief under § 362(d)(1) of the Bankruptcy Code. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 of the Bankruptcy Code. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## II. SUMMARY

2. BMO is a secured creditor with respect to twenty-five pieces of Equipment Collateral (as defined in Section II, ¶ 11, *infra*) currently used by and in possession of Debtor. BMO, as a lender, entered into two Loan and Security Agreements (as defined in Section II, ¶ 10, *infra*) with Debtor Balkan Express, LLC ("Debtor"). Under those agreements, Debtor agreed to purchase and BMO agreed to finance the purchase of the Equipment Collateral.

3. Despite representations made to counsel for BMO, and entry of this Court's May 29, 2025 Order authorizing monthly payments in the amount of $3,611.41 to BMO, Debtor has failed to pay BMO any adequate protection. BMO has repeatedly requested adequate protection for Debtor's use of its Equipment Collateral during the pendency of this bankruptcy case, but Debtor has failed to make a single payment.

4. Zlatan Karic ("Guarantor") is a personal guarantor on the Loan and Security

---

[1] BMO Harris Bank N.A. changed its name to BMO Bank N.A. effective September 3, 2023.

Agreements between BMO and Debtor. Under the Guaranty Agreements, Guarantor personally guaranteed Debtor's obligations to BMO under the Loan and Security Agreements. Guarantor is not a party to the Loan and Security Agreements. Debtor owns BMO's collateral and is a separate and distinct legal entity from Guarantor. Guarantor has not filed for bankruptcy and is not protected by the automatic stay.

5. In this Motion, among other things, BMO seeks an order from the Court that (1) Debtor is not protected from the automatic stay as to the Loan and Security Agreements and Equipment Collateral; (2) Guarantor is not protected by Debtor's automatic stay; and (3) BMO can proceed with state court action against Debtor, Guarantor, and the Equipment Collateral pursuant to the terms of the Loan and Security Agreements and Guaranty Agreements.

### III.    FACTUAL BACKGROUND

6. Debtor filed its voluntary petition for bankruptcy pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on April 30, 2025 (the "Petition Date").

7. Debtor is in the transportation business and owns and operates a fleet of commercial trucks and trailers, including Equipment Collateral purchased under Loan and Security Agreements with BMO. Debtor remains in possession of and operates its business as a debtor in possession.

**A.    The Loan and Security Agreements**

8. On or about November 27, 2023, Debtor and BMO entered into Loan and Security Agreement xxxxxx7001 ("Agreement 7001"). Exhibit A, Affidavit of Debb White, ¶ 3. A true and correct copy of Agreement 7001 is attached as Exhibit A-1 to Exhibit A. Pursuant to Agreement 7001, Debtor agreed to purchase and BMO agreed to finance the purchase of fifteen (15) 2024 Hyundai Composite Dry Vans (the "7001 Equipment") for the total amount of

$779,995.44. *Id.*; *see also* Exhibit A-1. Pursuant to Agreement 7001, Debtor gained possession of the 7001 Equipment and BMO provided the financing for Debtor's purchase of same. Exhibit A, ¶ 3; *see also* Exhibit A-1.

9. On or about November 27, 2023, Debtor and BMO entered into Loan and Security Agreement xxxxxx8001 ("Agreement 8001"). Exhibit A, ¶ 4. A true and correct copy of Agreement 8001 is attached as Exhibit A-2 to Exhibit A. Pursuant to Agreement 8001, Debtor agreed to purchase and BMO agreed to finance the purchase of ten (10) 2024 Hyundai Composite Dry Vans (the "8001 Equipment") for the total amount of $520,112.88. *Id.*; *see also* Exhibit A-2. Pursuant to Agreement 8001, Debtor gained possession of the 8001 Equipment and BMO provided the financing for Debtor's purchase of same. Exhibit A, ¶ 4; *see also* Exhibit A-2.

10. Before the Petition Date, Debtor failed to make all payments due and owing under Agreement 7001 and Agreement 8001 (collectively, the "Loan and Security Agreements") and defaulted under the Loan and Security Agreements. Exhibit A, ¶ 5; *see also* Exhibits A-1, A-2. Since the Petition Date, Debtor has not made any payments to BMO on the Loan and Security Agreements. Exhibit A, ¶ 5. As of the Petition Date, Debtor is in arrears on Agreement 7001 in the amount of $22,208.20 and owes BMO the total amount of $527,431.15 pursuant to BMO's Proof of Claim filed in this case on May 5, 2025 (Claim No. 3-1).[2] *Id.* As of the Petition Date, Debtor is in arrears on Agreement 8001 in the amount of $14,808.77 and owes BMO the total amount of $ 351,639.07 pursuant to BMO's Proof of Claim filed in this case on May 5, 2025 (Claim No. 2-1).[3] *Id.*

---

[2] BMO's Proof of Claim (Claim No. 3-1) is incorporated herein by reference as if fully set forth.
[3] BMO's Proof of Claim (Claim No. 2-1) is incorporated herein by reference as if fully set forth.

- 4 -

**B.    The Equipment Collateral**

11.    BMO is the holder of the Loan and Security Agreements and maintains a valid security interest in the 7001 Equipment and 8001 Equipment (collectively, the "Equipment Collateral"). *Id.* at ¶ 6. True and correct copies of the Maine Certificates of Title for the 7001 Equipment are attached as Exhibit A-3 to Exhibit A. True and correct copies of the Maine Certificates of Title for the 8001 Equipment are attached as Exhibit A-4 to Exhibit A. BMO promptly and properly perfected its security interest in the Equipment Collateral by indicating its priority as first lienholder on the certificates of title for each item of Equipment Collateral. *Id.*; *see also* Exhibits A-3, A-4.

**C.    The Guaranty Agreements**

12.    On or about November 27, 2023, Guarantor executed Continuing Guaranty xxxxxx7001 and Continuing Guaranty xxxxxx8001 (collectively, the "Guaranty Agreements") in favor of BMO, personally guaranteeing Debtor's payment obligations to BMO under the Loan and Security Agreements.[4] *Id.* at ¶ 7. True and correct copies of the Guaranty Agreements are attached as Exhibit A-5 to Exhibit A.

### IV.    ARGUMENTS & AUTHORITIES

**A.    Cause exists to lift the automatic stay as to allow BMO to proceed with state court action against Debtor and the Equipment Collateral.**

13.    By reason of the foregoing, BMO requests the Court lift the automatic stay as it pertains to Debtor and its obligations to BMO under the Loan and Security Agreements, and the Equipment Collateral. "[A]dequate protection must be given to secured creditors, or they may ask that the automatic stay imposed by § 362(a) be lifted." *In re Bufford*, 343 B.R. 827, 838 (Bankr.

---

[4] Agreeing to "promptly and fully perform, pay and discharge all of [Debtor's] present and future liabilities, obligations and indebtedness" to BMO. *See* Exhibit A-5.

N.D. Tex. 2006).

14.  Here, Debtor has the burden of proving BMO is adequately protected. *See In re Timbers of Inwood Forest Assocs., Ltd.*, 793 F.2d 1380, 1387–88 (5th Cir. 1986) (citing 11 U.S.C. § 362(g)) ("in a proceeding arising under § 362(d)(1), the debtor must prove that the secured creditor's interest is adequately protected, or the automatic stay will lift"). Debtor continues to use the Equipment Collateral while this case is pending, yet has not made a single payment to BMO to compensate it for the depreciation of its Equipment Collateral. As a result, BMO's interest in the Equipment Collateral is not adequately protected and cause exists to lift the automatic stay.

15.  Accordingly, BMO is entitled to relief from the automatic stay for cause under 11 U.S.C. § 362(d)(1). A "court shall grant relief from the automatic stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." 11 U.S.C. § 362(d)(1). As such, this Court should order that the automatic stay does not apply to Debtor and BMO may proceed with state court action against Debtor and the Equipment Collateral pursuant to the terms of Loan and Security Agreements.

**B.   BMO is entitled to proceed with state court action against Guarantor because Guarantor has not filed for bankruptcy and is not entitled to protection under Debtor's automatic bankruptcy stay.**

16.  The automatic stay does not enjoin BMO from prosecuting state court actions against Guarantor because Guarantor is an individual separate and distinct from Debtor, and Guarantor has not filed for bankruptcy. *See In re Medina*, 413 B.R. 583, 595 (Bankr. W.D. Tex. 2009) ("Section 362(a)(1) has been held not to stay actions that have an independent basis for recovery, such as a suit on a guaranty") (citing bankruptcy cases).

17.  Under § 362 of the Bankruptcy Code, once an entity has filed for bankruptcy, the bankruptcy court enters an automatic stay. *See* 11 U.S.C. § 362. The automatic stay relates only to "the debtor." *Id.; see GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir.

1985); *Powers v. Texaco, Inc.*, No. 93-7322, 1994 U.S. App. LEXIS 43174, at *7 (5th Cir. 1994); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983) (recalled and vacated in part on other grounds). Further, the stay "only prohibits actions against a debtor or a debtor's property to recover claims against the debtor." *In re Farb Invs. Interests, Ltd.*, 155 B.R. 442, 444 (Bankr. S.D. Tex. 1993).

18.     Per the plain language of § 362, the automatic stay relates only to actions "against the debtor," and cannot be used to protect non-debtor interests. 11 U.S.C. § 362; *see also GATX Aircraft Corp.*, 768 F.2d at 716 ("By its terms the automatic stay applies only to the debtor, not to co-debtors under . . . Chapter 11 of the Bankruptcy Code"); *Powers*, 1994 U.S. App. LEXIS 43174, at *7 ("Section 362 does not operate as an automatic stay against the codefendants of a debtor."); *Wedgeworth*, 706 F.2d at 544 ("To read the 'all entities' language as protecting co-debtors would be inconsistent with the specifically defined scope of the stay 'against the debtor' . . . Chapter 13 specifically authorizes the stay of actions against co-debtors . . . No such shield is provided Chapter 11 co-debtors by § 362(a)"); *In re Winer*, 158 B.R. 736, 743 (N.D. Ill. 1993) ("Section 362(a) does not proscribe actions brought against nondebtor entities, even where there is a close nexus between those nondebtors and their bankrupt affiliates. That concept has consistently been confirmed and applied in a host of cases everywhere . . . .").

19.     Here, Guarantor is not protected by the automatic stay. As such, this Court should order that the automatic stay does not apply to Guarantor and BMO may proceed with state court action against Guarantor.

# **PRAYER**

WHEREFORE, PREMISES CONSIDERED, BMO respectfully requests an Order from this Court:

1) Confirming that the automatic stay does not apply to Debtor with respect to the Loan and Security Agreements or Equipment Collateral and BMO can proceed against Debtor and the Equipment Collateral to judgment in state court;

2) Confirming that the automatic stay does not apply to Guarantor Zlatan Karic and that BMO can proceed against Guarantor to judgment in state court;

3) That the 14-day stay imposed by Bankruptcy Code 4001(a)(3) is waived and/or does not apply to Guarantor; and

4) Any and all further relief as justice may require.

Dated: July 15, 2025

Respectfully submitted,

By: */s/ Elizabeth H. Lawrence*
　　Elizabeth H. Lawrence

**MCGINNIS LOCHRIDGE LLP**
Christopher L. Halgren
State Bar No. 24069859
Elizabeth H. Lawrence
State Bar No. 24137522
609 Main Street, Suite 2800
Houston, Texas 77002
(713) 615-8500
(713) 615-8585 (Fax)
*chalgren@mcginnislaw.com*
*elawrence@mcginnislaw.com*

**ATTORNEYS FOR BMO BANK N.A.**

## CERTIFICATE OF CONFERENCE

I hereby certify that, on May 16 and 20, 2025, I conferred via email with counsel for Debtor, Joshua Eppich, regarding adequate protection payments to BMO. I certify that on June 23 and 24, 2025, I conferred via email with counsel for Debtor, Eric Haitz, regarding Debtor's failure to make adequate protection payments to BMO and provided wire instructions for same.

*/s/ Elizabeth H. Lawrence*
Elizabeth H. Lawrence

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing document using the Court's CM/ECF filing system, which sends a notice of this filing and an accompanying link to this filing to all parties who have filed a notice of appearance in this case under the Court's CM/ECF system.

Dated: July 15, 2025

*/s/ Elizabeth H. Lawrence*
Elizabeth H. Lawrence