M. Jermaine Watson
State Bar No. 24063055
Email: jwatson@canteyhanger.com
Tiereney Bowman
State Bar No. 24136751
Email: tbowman@canteyhanger.com
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
Phone: 817-877-2800
Fax: 817-877-2807

and

Ross Tower
500 N. Akard Street, Suite 2940
Dallas, Texas 75201
Telephone: 214-978-4102
Facsimile: 214-978-4150

**COUNSEL TO VOLVO FINANCIAL SERVICES,
A DIVISION OF VFS US LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| BALKAN EXPRESS, LLC, *et al.*, | § | |
| | § | Case No. 25-41544-ELM11 |
| Debtors.[1] | § | |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY,
OR IN THE ALTERNATIVE, MOTION FOR ADEQUATE PROTECTION**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. TENTH STREET, ROOM 204, FORT**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Balkan Express, LLC (3974), and Balkan Logistics, LLC (8202). The Debtors' mailing address is 2560 E Long Ave, Fort Worth, Texas 76137.

**WORTH, TEXAS 76102, OR AS THE COURT DIRECTS ON OR BEFORE CLOSE OF BUSINESS ON JULY 29, 2025, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANTS CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Volvo Financial Services, a division of VFS US LLC ("Volvo" or "Movant"), by and through its attorneys, Cantey Hanger LLP, and files this *Motion for Relief from the Automatic Stay, or in the Alternative, Motion for Adequate Protection* ("Motion"). In support of this Motion, Volvo relies on the *Affidavit of Tara Maxey* ("Maxey Affidavit"), attached hereto as **Exhibit "A"**, and the Affidavit of Kevin Miller (the "Miller Affidavit"), attached hereto as **Exhibit "B"**, and would show the Court the following:

1. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are 11 U.S.C. §§ 105, 361, and 362, which may be implemented under Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### I. Procedural History

2. On April 30, 2025, (the "Petition Date"), Balkan Express, LLC ("Debtor") filed a voluntary petition for protection pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The debtor manages its assets as a debtor and debtor in possession. No committee has been appointed.

## II. Relevant Facts Related to Equipment Financed by Volvo

3. Prior to April 30, 2025 (the "Petition Date"), on or about September 23, 2024, the Debtor, and its principal, Zlatan Karic, executed a *Master Loan and Security Agreement* (the "Master Loan"), *Promissory Note (Secured) Schedule, Certificate of Authority*, and *Continuing Guaranty* (collectively, the "Agreement") for the financing of the following equipment (the "Equipment"):

| Amount | Equipment Description | VIN |
|---|---|---|
| 1 | 2025 Volvo VNL64T860 | 4V4NC9EH0SN674269 |
| 2 | 2025 Volvo VNL64T860 | 4V4NC9EH7SN674270 |
| 3 | 2025 Volvo VNL64T860 | 4V4NC9EH9SN674271 |
| 4 | 2025 Volvo VNL64T860 | 4V4NC9EH8SN674276 |
| 5 | 2025 Volvo VNL64T860 | 4V4NC9EHXSN674277 |
| 6 | 2025 Volvo VNL64T860 | 4V4NC9EH1SN674278 |
| 7 | 2025 Volvo VNL64T860 | 4V4NC9EH3SN674279 |
| 8 | 2025 Volvo VNL64T860 | 4V4NC9EHXSN674280 |
| 9 | 2025 Volvo VNL64T860 | 4V4NC9EH1SN674281 |
| 10 | 2025 Volvo VNL64T860 | 4V4NC9EH9SN674285 |

A true and correct copy of the Agreement is attached as **Exhibit "1"** to the Maxey Affidavit and is fully incorporated herein word for word. *See* Maxey Affidavit at ¶ 3.

4. Pursuant to the Agreement, the Debtor granted Volvo a security interest in the Equipment. Volvo also promptly and perfected its security interest in the Equipment by notating its lien on the certificates of title for the Equipment. True and correct copies of the certificates of title are attached as **Exhibit "2"** to the Maxey Affidavit. *See* Maxey Affidavit at ¶ 4.

5. Despite Volvo's performance, the Debtor has failed to pay all of the installments when due under the terms of the Agreement. The Debtor's last payment under the agreement was March 20, 2025, and no payments have been made since the Petition Date. *See* Maxey Affidavit

at ¶ 5.

6. As a result of Debtor's default, after the allowance of all just lawful offsets, payments, and credits to the account, the total balance due and owing under the Agreement as of the Petition Date is approximately $1,758,465.58. *See* Maxey Affidavit ¶ 6.

7. Based on Volvo's review of similar equipment, Volvo estimates that the fair market value of the Equipment is approximately $165,000.00 each. *See* Miller Affidavit ¶ 4.

8. The Equipment is under secured, depreciating, and will continue to depreciate while in the Debtor's possession and use. Per the Agreement, Debtor is required to maintain valid and continuous insurance coverage for the Equipment with the Movant listed as an "additional insured." The Debtor has not provided Volvo with an updated insurance certificate as of July 1, 2025. *See* Maxey Affidavit ¶ 7.

9. On June 17, 2025, the Court entered an *Order Granting Debtors' Emergency Motion Under Bankruptcy Code Section 363 for Entry of an Order Authorizing the Debtors to Use and Lease the Debtors' Fleet Pursuant to Fleet Management Agreement* [Docket No. 157] (the "<u>Fleet Order</u>"). It is unclear whether the Equipment is being leased by the Debtor pursuant to the Fleet Order. To the extent it is, the Agreement requires that the Debtor and the sublessee execute certain documents. Unless the Debtor and the sublessee agree to execute the required documents, the Debtor is in violation of paragraph 15(b) of the Master Loan and must cease doing so immediately:

**15. Assignments or Transfers.**
(a) **Transfers by Lender.** Borrower acknowledges that Lender may assign, transfer, grant a participation in, grant a security interest in and/or delegate or subcontract its obligations in whole or in part under any Loan Document without notice to or consent of any Loan Party. Any assignee or transferee of Lender shall have the rights, assigned and transferred, but none of the obligations of Lender under the Loan Documents, and **Borrower agrees that it will not assert against any assignee or transferee of Lender any defense, counterclaim, or offset which Borrower may have or may claim against Lender or its agents.** Borrower acknowledges that any assignment or transfer by Lender shall not materially change Borrower's duties or obligations under this Agreement or any other Loan Document.
(b) **Transfers by Borrower.** No Loan Party shall assign, transfer, delegate, or dispose (whether voluntarily or by operation of law) of all or any part of its Obligations under the Loan Documents or enter into a lease of all or any part of the Equipment, without the prior written consent of Lender and any such action attempted without the prior written consent of Lender shall be void as against Lender and constitute an immediate Event of Default under this Agreement. Notwithstanding the foregoing prohibition against such transfers by Borrower, Borrower hereby transfers, conveys, and assigns to Lender and grants to Lender a security interest in all of Borrower's rights, title, and interest in, but none of its obligations under, any lease of the Equipment, and all proceeds and income arising therefrom. In the event Lender is requested to consent to a lease of the Equipment, any permitted lease must be in form acceptable to Lender and assigned to Lender by Borrower by an assignment in form approved by Lender.

### III.    Motion for Relief from Stay and Motion for Adequate Protection

10.    Under § 362(d)(1), a creditor can obtain a lifting of the stay "for cause." 11 U.S.C. § 362(d)(1) (2025). The term "cause" is not defined in the Code. Whether cause exists is a fact-intensive inquiry that must be determined on a case-by-case basis. *In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014); *In re Bovino*, 496 B.R. 492, 502 (Bankr. N.D. Ill. 2013). "Each case must be viewed on the basis of its own particular facts, and there must be a balancing of the interest of the debtor with the interest of the secured creditor in its collateral." *In re Bovino*, 496 B.R. at 502. "The decision of whether to lift the stay is committed to the discretion of the bankruptcy judge." *In re Syndicom Corp.*, 268 B.R. 26, 43 (Bankr. S.D.N.Y. 2001). Finally, "[t]he burden of proof on a motion to lift the automatic stay is a shifting one: section 362(d)(1) requires an initial showing of cause by the movant; then, with the exception of the debtor's equity in the property . . . section 362(g) places the burden of proof on the debtor for all other issues." *Id.*

11.    As defined by the statute, "adequate protection" is intended to compensate a non-debtor to the extent the debtor's use of leased property during its bankruptcy case results in a decrease in the value of such non-debtor party's interest in the property. 11 U.S.C. § 361 (2025). Adequate protection may be provided under Section 362 through a cash payment or periodic cash payments, an additional or replacement lien, or any relief that will "result in the realization by such entity of the indubitable equivalent" of their interest in the property "to the extent that the stay . . . results in a decrease in the value of such entity's interest in the property." *Id.*; *see also Timbers of Inwood Forest Associates, LTD*, 484 U.S. 365, 370 (1988). "[I]n proceeding arising under § 362(d)(1), the debtor must prove that the secured creditor's interest is adequately protected, or the automatic stay will lift." *In re Timbers of Inwood Forest Assoc., Ltd.*, 793 F.2d 1380, 1388 (5th

Cir. 1986), *affirmed*, 484 U.S. 365 (1988). "[A]n interest is not adequate protected if the security is depreciating during the term of the stay." *United Sav. Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 369 (1988).

12. Volvo submits that cause exists to lift and/or vacate the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for multiple reasons. In the present case, no agreement has been made for monthly adequate protection payments prior to confirmation. The Debtor has also not made any adequate protection payments to Volvo since the Petition Date. Meanwhile, the Equipment's value continues to depreciate while in the possession and use of Debtor (or its sublessee), and it is unclear whether Debtor has effective insurance coverage with respect to the Equipment. Additionally, the Debtor may be subleasing the Equipment in violation of the Master Loan without written permission of Volvo.

13. Cause further exists to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(2) of the Bankruptcy Code because Debtor has no equity interest in the Equipment and the Equipment is not believed to be necessary for an effective reorganization of Debtor's business. While the Equipment may be some of the newest trucks in its fleet, the Debtor has other trucks to satisfy the needs of its customers. The Equipment is therefore unecessary for an effective reorganization.

14. Alternatively, an order granting adequate protection to Volvo with respect to the Equipment prior to confirmation of a Chapter 11 plan is appropriate pursuant to 11 U.S.C. § 362(d)(1) (2025). Cause exists for an order granting adequate protection because Debtor is most likely still using the Equipment in the day-to-day operations of its business. Additionally, the Equipment requires maintenance, care, and proper storage to maintain its value, which continues to depreciate due to time and use by the Debtor. Therefore, Volvo seeks pre-confirmation adequate protection payments from the Debtor due to the Debtor's (or its sublessee's) continued use of the

Equipment.

15. It has been necessary for Volvo to hire Cantey Hanger LLP to file this Motion with the Court. Volvo is entitled to reimbursement of its attorneys' fees and services to the extent there is a determination of any actual equity in the Equipment.

16. Volvo requests that an order granting its motion for adequate protection, if such order should be entered, will be effective immediately upon entry and that the provisions of Bankruptcy Rule 4001(a)(4) should be waived and Volvo should be permitted to immediately enforce and implement the order granting relief from stay or adequate protection.

### IV.    Reservation of Rights

17. Volvo reserves all rights to supplement, amend or modify this Motion.

**WHEREFORE, PREMISES CONSIDERED,** Volvo requests that the Court enter an Order granting: (i) relief from the automatic stay to proceed with its Texas state law remedies in the event the Court modifies the stay; (ii) Volvo adequate protection payments of $7,500.00 for June 2025 as set forth in its cash collateral order and $21,250.00 thereafter until confirmation or dismissal of this case and indicating that the stay will lift automatically in the event of future defaults under the Agreement to prevent Volvo from incurring additional attorney's fees, costs, and delays in pursuing its Texas state law remedies after one default notice by Volvo to the Debtor with an opportunity to cure within five (5) days; and (iii) such other and further relief to which Volvo is justly entitled.

Dated: July 15, 2025
       Fort Worth, Texas

                                    Respectfully submitted by,

                                    */s/ M. Jermaine Watson*
                                    M. Jermaine Watson
                                    State Bar No. 24063055

Email: jwatson@canteyhanger.com
Tiereney Bowman
State Bar No. 24136751
Email: tbowman@canteyhanger.com
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
Telephone: 817-877-2800
Facsimile: 817-333-2961

and

Ross Tower
500 N. Akard St., Suite 2940
Dallas, Texas 75201
Telephone: 214-978-4102
Facsimile: 214-978-4150

**COUNSEL TO VOLVO FINANCIAL SERVICES, A DIVISION OF VFS US LLC**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that from June 16, 2025 to June 30, 2025, he exchanged emails with one of the counsels for the Debtor regarding the relief requested in this Motion. At one point during the email exchange, the Debtor's counsel indicated that the Motion was opposed.

*/s/ M. Jermaine Watson*
M. Jermaine Watson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 15, 2025, a true and correct copy of the foregoing *Motion for Relief from the Automatic Stay, or in the Alternative, Motion for Adequate Protection* was served electronically by the Court's PACER system on all parties who have entered their appearance in this chapter 11 proceeding and by United States First Class Mail postage prepaid on the parties listed on the attached service list.

*/s/ M. Jermaine Watson*
M. Jermaine Watson