John K. Turner
Linebarger Goggan Blair & Sampson, LLP
3500 Maple Ave., Suite 800
Dallas, Texas 75219
(214) 880-0089 Telephone
(469) 221-5003 Facsimile
John.Turner@lgbs.com

Attorneys for Tarrant County

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **BALKAN EXPRESS, LLC, et al.,** | § | **Case No.  25-41544** |
| | § | |
| **Debtors.** | § | |

### TARRANT COUNTY'S LIMITED OBJECTION TO BMO BANK N.A.'S MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO GUARANTOR, DEBTOR, AND TWENTY-FIVE ITEMS OF EQUIPMENT COLLATERAL
### (Relates to Dkt. # 196)

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE**:

Comes now Tarrant County, creditor and party-in-interest, and files this, its Limited Objection to BMO Bank's ("Movant") Motion for Relief from the Automatic Stay as to Guarantor, Debtor and Twenty-Five Items of Equipment Collateral (the "Motion") [Dkt. #196] and would respectfully show the Court the following:

1. Tarrant County, a duly organized governmental unit of the State of Texas, is the holder of prepetition claims for business personal property ad valorem taxes. Debtor will owe business personal property ad valorem taxes for tax year 2025 which are estimated in the amount of $80,903.00 assessed against all of the Debtor's tangible personal property, including the property that is the subject of the Motion (the "Collateral").

2. In order to secure the taxes, Tarrant County holds pre-eminent liens against the Collateral. Pursuant to Sections 32.01 and 32.05 of the Texas Property Tax Code, the Taxing Entities' liens attached on January 1 of the relevant tax year and, with limited exceptions that do not appear applicable in this case, are superior to all other liens or interests, regardless of the date any other liens or interests were perfected. *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W.D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App.-Eastland 1995). Furthermore, Tarrant County's liens "float" and attach to all after-acquired property of the Debtor. *In re Universal Seismic Associates, Inc.*, 288 F.3d 205 (5th Cir. 2002); *City of Dallas v. Cornerstone Bank, N.A.*, 879 S.W.2d 264 (Tex. App.-Dallas 1994).

3. Tarrant County does not oppose the relief requested in the Motion. However, because its liens are senior to the liens of Movant, Tarrant County is entitled to satisfaction of its liens from the Collateral before Movant receives payment of its claim. In addition, because of the nature of the business personal property, without like relief from the automatic stay it will be difficult for Tarrant County to protect its interest in the Collateral. Therefore, Tarrant County requests that the Court either condition relief on payment of the taxes by Movant or, in the event the Court lifts the stay as to Movant, it grants like relief to Tarrant County.

4. Therefore, Tarrant County objects to a grant of stay relief to the Movant unless the Court either conditions relief on payment of the taxes by Movant or grants stay relief to Tarrant County so that it may protect and preserve its senior lien position.

WHEREFORE, PREMISES CONSIDERED, Tarrant County requests that the Court either conditions stay relief on Movant paying the taxes owed on the Collateral or grants Tarrant

County stay relief to protect its senior lien position in the Collateral, and grants it such other and further relief to which it is entitled to receive.

Dated: July 17, 2025.

                Respectfully submitted,

                Linebarger Goggan Blair & Sampson, LLP
                3500 Maple Ave., Suite 800
                Dallas, TX 75219
                Ph. No. (214) 880-0089
                Direct (469) 221-5125
                Fax No. (469) 221-5003
                John.turner@lgbs.com

By: /s/ John K. Turner_____
     John K. Turner
     Texas Bar No. 00788563


ATTORNEYS FOR TARRANT COUNTY


**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically through the Court's electronic case filing system on this 17th day of July 2025.

                /s/ John K. Turner_____
                John K. Turner