Joshua N. Eppich (TBN 24050567)
Ken Green (TBN 24036677)
Eric T. Haitz (TBN 24101851)
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: joshua@bondsellis.com
Email: ken.green@bondsellis.com
Email: eric.haitz@bondsellis.com

*Counsel for Debtors and Debtors-in-Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **IN RE:** | § § § § § § § § | **Chapter 11** |
| | | **Case No. 25-41544** |
| **BALKAN EXPRESS, LLC**, *et al.* | | |
| | | **(Jointly Administered)** |
| **Debtors.**[1] | | |

## DEBTORS' MOTION FOR EXTENSION OF EXCLUSIVITY PERIODS
## TO FILE A PLAN AND SOLICIT VOTES IN CONNECTION THEREWITH

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXNB.USCOURTS.GOV/ NO MORE THAN TWENTY-FOUR (24) DAYS AFTER THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK AND FILED ON THE DOCKET NO MORE THAN TWENTY-FOUR (24) DAYS AFTER THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Balkan Express, LLC (3974), and Balkan Logistics, LLC (8202). The Debtors' mailing address is 2560 E Long Ave, Fort Worth, Texas 76137.

**DEBTORS' MOTION TO EXTEND EXCLUSIVITY PERIODS**                                              **PAGE 1 OF 10**

Balkan Express, LLC ("Balkan") and Balkan Logistics, LLC ("Logistics" and together with Balkan, the "Debtors"), as debtors and debtors-in-possession in the above-captioned chapter 11 cases, respectfully state the following in support of this *Debtors' Motion for Extension of Exclusivity Periods to File a Plan and Solicit Votes in Connection Therewith* (the "Motion"):

**PRELIMINARY STATEMENT**

1.     Through this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the periods under Section 1121(c) of the Bankruptcy Code during which the Debtors have the exclusive right to file a Chapter 11 plan of reorganization and solicit votes and seek acceptances of the plan by ninety (90) days. Currently the Debtors' exclusive period to file a Chapter 11 plan terminates on August 28, 2025, and the exclusive solicitation period ends on October 27, 2025.

2.     The Debtors are requesting that these periods be extended, respectively, to **November 26, 2025** for filing exclusivity and **January 26, 2026** for solicitation exclusivity. As set forth herein, during these Chapter 11 Cases, the Debtors (a) negotiated and obtained consent and authorization to continue to operate under its prepetition factoring agreement; (b) confronted and resolved an insurance cancellation dispute, (c) entered into a fleet management agreement with VSS, and (d) resolved several adequate protection and automatic stay motions prosecuted or threatened by several of the Debtors' secured lenders.  Now, with the Debtors fleet insured, adequately protected, and operational, the Debtors' management has been focused on stabilizing the Debtors' operations and driving improved cash flow.  However, to allow more time for crafting a Chapter 11 plan of reorganization and the stabilization of operations, and to allow time for consensual negotiations regarding a plan for the benefit of all parties in interest, the Debtors are requesting an extension of plan exclusivity.

3. This is the Debtors' first request for an extension. The extension requested by this Motion will give the Debtors additional time to formulate a chapter 11 plan that maximizes value of the bankruptcy estates (the "Estates") for the benefit of all stakeholders.

## JURISDICTION

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The basis for the relief requested herein is Section 1121 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

6. On April 30, 2025 (the "Petition Date"), the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). This Court entered an order directing joint administration of these Chapter 11 Cases on May 2, 2025 [Docket No. 25], and an order granting Chapter 11 complex case treatment on May 3, 2025 [Docket No. 32].

7. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their financial affairs as debtors in possession. No request for a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

8. The Debtors provide trucking, hauling, and logistics services principally in Texas and the Western region of the United States. Information regarding the Debtors' history and business operations, capital structure and secured indebtedness, and the events leading up to the

commencement of the Chapter 11 Cases can be found in the *Declaration of Daniel Ivandic in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 15] (the "First Day Declaration").

9. On May 19, 2025, the Debtors filed their *Motion for Entry of an Order Approving Procedures for De Minimis Asset Sales and Granting Related Relief* [Docket No. 76] (the "De Minimis Sale Motion").

10. On June 12, 2025, this Court entered the *Order Approving Procedures for De Minimis Asset Sales and Granting Related Relief* [Docket No. 149] (the "De Minimis Sale Order"), which established procedures for the sale of the Debtors' *de minimis* assets defined therein.

11. On June 3, 2025, the Debtors filed their *Emergency Motion Under Bankruptcy Code Section 363 for Entry of an Order Authorizing the Debtors to Use and Lease the Debtors' Fleet Pursuant to Fleet Management Agreement* [Docket No. 128] (the "Fleet Management Motion").

12. On June 17, 2025, this Court entered the *Order Granting Emergency Motion Under Bankruptcy Code Section 363 for Entry of an Order Authorizing the Debtors to Use and Lease the Debtors' Fleet Pursuant to Fleet Management Agreement* [Docket No. 157] (the "Fleet Management Order"), authorizing the Debtors to entered into and perform under the Fleet Management Agreement with VSS Transportation Group ("VSS").

13. On June 4, 2025, the Debtors filed their *Motion for Entry of an Order a) Authorizing the Debtors to (i) Enter Into the Truck Terminal Sale Agreement and (ii) Enter Into the Lease Agreement and Consummate the Leaseback Transaction; (b) Approving (i) the Stalking Horse Bid Protections, and (ii) the Overbid Requirements; and (c) Granting Related Relief* [Docket No. 131] (the "Truck Terminal Sale Motion").

14. On July 11, 2025, this Court entered the *Order a) Authorizing the Debtors to (i) Enter Into the Truck Terminal Sale Agreement and (ii) Enter Into the Lease Agreement and Consummate the Leaseback Transaction; (b) Approving (i) the Stalking Horse Bid Protections, and (ii) the Overbid Requirements; and (c) Granting Related Relief* [Docket No. 186] (the "Truck Terminal Sale Order"). The Truck Terminal Sale Order established July 18, 2025 as the deadline to submit overbids for the sale of the Debtors' Truck Terminal, which deadline has been extended by the Debtors as provided therein, and to consummate a sale of the Truck Terminal without further hearing or order of the Court.

15. The Stalking Horse Bidder (as defined in the Truck Terminal Sale Order) is in the final stages of its diligence in connection with the sale. Phase II environmental reports for the Truck Terminal parcel are anticipated later this month, and the diligence period concludes shortly thereafter. Another bidder has expressed interest in submitting a bid, and the Debtors anticipate filing a notice of an extension of the bid deadline in the days ahead to facilitate others' participation in the sale and bidding process consistent with the terms and provision of the Truck Terminal Sale Order.

16. Additionally, in the first months of these Chapter 11 Cases, almost all of the 16 parties asserting liens on the Debtors' trucks, trailers and other equipment have either sought relief from the automatic stay to foreclose on their collateral and/or have negotiated with the Debtors and entered into stipulations approved by this Court for adequate protection payments. Defending these motions and participating in negotiations has required considerable time and resources from the Debtors and their professionals.

## RELIEF REQUESTED

A. **The Exclusivity Period**

17. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a Chapter 11 case during which a debtor has the exclusive right to file a Chapter 11 plan. Absent an extension, the Debtors' initial exclusive filing period and exclusive solicitation period will expire on August 28, 2025 (the "Exclusivity Period"). Pursuant to Bankruptcy Code Section 1121(d)(1), the Court may, upon a demonstration of cause, extend the Debtors' Exclusivity Period. As described below, cause exists for extending the Debtors' Exclusivity Period.

B. **Extension of the Exclusivity Period for Cause**

18. Bankruptcy Code § 1121(d)(1) provides in pertinent part as follows:

> Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120–day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1). Accordingly, in circumstances in which the initial period to exclusively file a Chapter 11 plan proves inadequate for the debtor to negotiate and file a Chapter 11 plan, the Court has the discretion to extend the periods under section 1121 for substantial periods of time.

19. In determining whether cause exists to extend a debtor's exclusive period, courts generally consider the following factors:

    i.    the size and complexity of the case;

    ii.    the necessity of sufficient time to negotiate and prepare adequate information;

    iii.    the existence of good faith progress;

    iv.    whether the debtor is paying its debts as they become due;

    v.    whether the debtor has demonstrated reasonable prospects for filing a viable Chapter 11 plan;

      vi.       whether the debtor has made progress in negotiating with creditors;

      vii.      the length of time a case has been pending;

      viii.     whether the debtor is seeking an extension to pressure creditors; and

      ix.       whether or not unresolved contingencies exist.

*In re Central Jersey Airport Services*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002) (internal citations omitted); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987*); In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). Importantly, not all factors are relevant in every case. *In re Express One Int'l, Inc.*, 194 B.R. at 98 (relying on only four factors as relevant in determining whether cause existed to extend exclusivity). "[I]t is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each. As long as the bankruptcy court does not abuse its discretion, its decision will be affirmed." *Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.)*, 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003); *see also Official Comm. of Unsec. Creditors of Mirant Ams. Generation, L.L.C. v. Mirant Corp. (In re Mirant Corp.),* 2004 U.S. Dist. LEXIS 19796 *8–16 (N.D. Tex., Sept. 30, 2004) (affirming the bankruptcy court's second extension of the debtor's exclusivity period).

      20.     The Debtors submit that cause exists for extending the Exclusivity Period in these Chapter 11 Cases because the Truck Terminal Sale process is currently ongoing and will not conclude before the expiration on August 28, 2025 of the Debtors' exclusive right to file a Chapter 11 plan of reorganization. Additional time will enable the Debtors to finalize and implement their strategy for emergence from Chapter 11.

      21.     Yet, in the relatively short amount of time the Chapter 11 Cases have been pending (a little over three (3) months as of the time of filing of this Motion), the Debtors have already initiated multiple pathways forward, including the currently ongoing sale process. As noted above: (i) pursuant to the interim and final orders authorizing the Debtors to maintain and continue to

operate under their factoring agreement with Compass Funding Solutions, LLC ("Compass"), including the use of cash collateral, the Debtors have been able to gain access to funds to continue operations and stay current on post-petition obligations while in bankruptcy; ii) the Debtors filed the Fleet Management Motion and obtained entry of the Fleet Management Order; (iii) the Debtors filed the De Minimis Sale Motion and the Truck Terminal Sale Motion, obtained entry of the De Minimis Sale Order and the Truck Terminal Sale Order, and are moving forward with the sale of certain of the Debtors' assets; and (iv) the Debtors have entered into multiple agreements with lenders for the continued use of their trucks, trailers and equipment to operate their business.

22.    Additionally, this is the Debtors' first request for an extension of the Exclusivity Periods. Because of the complexity of these Chapter 11 Cases, an extension of the Exclusivity Periods will give the Debtors sufficient and much needed time to continue negotiating terms of a Chapter 11 plan of reorganization with their stakeholders and memorialize the terms of both a plan and disclosure statement.

23.    Furthermore, the Debtors' purpose in seeking extension of the Exclusivity Periods is a good-faith effort to continue the reorganization efforts they have initiated without the distraction and costs of a competing plan process, which would be a distraction and waste of the Debtors' limited time and resources. The relief requested in the Motion is not intended for the purpose of coercing or strong-arming any creditor, but rather to benefit all of the Estates' stakeholders as a whole. Moreover, an extension of the Exclusivity Periods will not result in prejudice to any creditor or party in interest, and instead, will enable the Debtors to continue focusing on preserving and enhancing their going-concern value and proposing a viable, fair, and

comprehensive plan that is (ideally) supported by all major constituents. Such a result is clearly in the best interest of the Estates.[2]

24. In short, the Debtors have made significant, good faith progress in negotiating with creditors and addressing unresolved contingencies. The Debtors have not yet filed a proposed Chapter 11 plan because the Truck Terminal Sale process is still ongoing. The Debtors believe that if the Court extends the Exclusivity Period, it will give the Debtors time to conclude the Truck Terminal Sale process and will clear a path for the Debtors to seek confirmation of a feasible Chapter 11 plan.

## NOTICE

25. The Debtors have provided notice of this Motion to all parties on the Complex Service List attached hereto, which includes: (a) the Debtors; (b) the Office of the United States Trustee for the Northern District of Texas; (b) the holders of the 20 largest unsecured claims (on a consolidated basis); (c) all secured creditors; and (d) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

## PRAYER

The Debtors respectfully request that the Court enter the order, substantially in the form attached hereto as **Exhibit A**, granting the relief sought in the Motion and for such other and further relief as is just and proper.

---

[2] The Debtors are also paying their bills as they become due, the Debtors have displayed a willingness to accommodate and negotiate with their various stakeholders, and the Debtors' actions have shown that the Debtors have a reasonable prospect of generating a viable plan. As such, those factors also weigh in favor of granting the Debtors an extension of the exclusivity periods.

| | |
|---|---|
| Dated: August 5, 2025 | Respectfully submitted, |

                                            */s/ Eric T. Haitz*
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
Joshua N. Eppich (Texas Bar No. 24050567)
Eric T. Haitz    (Texas Bar No. 24101851)
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: joshua@bondsellis.com
Email: eric.haitz@bondsellis.com

-and-

Ken Green     (Texas Bar No. 24036677)
402 Heights Boulevard
Houston, Texas 77007
(713) 335-4990 telephone
(713) 335-4991 facsimile
Email: ken.green@bondsellis.com

COUNSEL FOR THE DEBTORS

## **CERTIFICATE OF SERVICE**

     I, Eric T. Haitz, certify that on August 5, 2025, I caused the foregoing Motion to be served by the Court's CM/ECF system on all parties requesting or consenting to such service in this case, and via USPS First Class mail on the service list attached hereto.

                                            */s/ Eric T. Haitz*
                                            Eric T. Haitz

**Balkan Express, LLC, et al., Debtors**
Case No. 25-41544-ELM-11
<u>COMPLEX SERVICE LIST AS OF
8-5-2025</u>

**Debtors:**

Balkan Express, LLC
Balkan Logistics, LLC
2560 E. Long Ave.
Fort Worth, TX 76137

**20 Largest Unsecured Creditors:**

Chase Bank Card Ink
P.O. Box 15123
Wilmington, DE 19850-5123

Corcentric
Attn: Tammy Albanos
200 Lake Drive East
Suite 200
Cherry Hill, NJ 08002

DAVID GARZA
P.O. Box 297
Panhandle, TX 79068

North Texas Tollway Authority
Attn: Kate Valent
SCHEEF & STONE, L.L.P
2600 Network Blvd., Suite 400
Frisco, TX 75034

Pilot Travel Centers, LLC
Attn: Luke Russell
5508 Lonas Drive
Knoxville, TN 37909

TERENCE MURPHEY
THE MAJOR LAW FIRM, PLLC
100 NE Loop 410, Suite 1045
San Antonio, TX 78216

**Governmental Agencies:**

Attorney General of the United States
Main Justice Bldg, Rm 5111
10th & Constitution Ave NW
Washington, DC 20503-0001

Internal Revenue Service
Insolvency Division
PO Box 7346
Philadelphia, PA 19101-7346

Office of the Attorney General
Bankruptcy-Collections Division
PO Box 12548
Austin, TX 78711-2548

Texas Comptroller of Public Accounts
Bankruptcy & Collection Division MC 008
P.O. Box 12548
Austin, TX 78711-2548

Texas Workforce Commission
TEC Building - Bankruptcy
101 E 15th St
Austin, TX 78778-1442

United States Attorney, N Dist of TX
Attn: Leigha Simonton
1100 Commerce Street 3rd Flr
Dallas, TX 75242

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242

**Secured Creditors:**

| | | |
|---|---|---|
| BMO<br>P.O. Box 35704<br>Billings, MT 59107-5704 | Compass Funding Solutions<br>115 55th St.<br>Suite 301<br>Clarendon Hills, IL 60514 | Daimler Truck Financial Services USA<br>14372 Heritage Parkway Ste 400<br>Fort Worth, TX 76177 |
| De Lage Landen Financial<br>P.O. Box 825736<br>Philadelphia, PA 19182-5736 | Huntington Technology Finance<br>5555 Cleveland Ave<br>Columbus, OH 43230 | Hyundai Translead Trailer Finance<br>655 Business Center Dr.<br>Ste 250<br>Horsham, PA 19044 |
| M&T Capital and Leasing Corporation<br>850 Main Street<br>Bridgeport, CT 06604 | MHC Financial Services, LLC<br>4501 College Blvd<br>Suite 160<br>Leawood, KS 66211 | Mitsubishi HC Capital America<br>1 Pierce Place, Ste. 1100<br>Itasca, IL 60143 |
| Navistar Financial Corporation<br>2701 Navistar Dr<br>Lisle, IL 60532 | PNC Bank<br>249 Fifth Ave<br>Pittsburgh, PA 15222 | Sumitomo Mitsui Finance<br>666 Third Ave<br>8th Floor<br>New York, NY 10017 |
| Triumph TBK Bank<br>12700 Park Central Dr.<br>Ste 1700<br>Dallas, TX 75251 | Truist Equipment Finance<br>154 Hillsboro St<br>Oxford, NC 27565 | Volvo Financial Services<br>P.O. Box 26131<br>Greensboro, NC 27402-6131 |
| Wallwork Financial Corp<br>Attn: Justin Pavek<br>401 38th Street SW<br>PO Box 628<br>Fargo, ND 58107-0628 | Wells Fargo<br>P.O. Box 858178<br>Minneapolis, MN 55485-8178 | Compass Funding Solutions<br>c/o Aaron Hammer<br>Kilpatrick Townsend & Stockton LLP<br>500 West Madison Street, Ste 3700<br>Chicago, IL 60661 |

**Notice of Appearance Parties:**

| | | |
|---|---|---|
| John D. Gaither<br>Douglas J. Buncher<br>Neligan LLP<br>4851 LBJ Freeway, Suite 700<br>Dallas, TX 75244 | M. Jermaine Watson<br>Cantey Hanger LLP<br>600 West 6th Street, Suite 300<br>Fort Worth, TX 76102 | Ross Tower<br>500 N. Akard St., Suite 2940<br>Dallas, TX 75201 |
| John Kendrick Turner<br>Linebarger Goggan Blair & Sampson<br>3500 Maple Avenue, Suite 800<br>Dallas, TX 75219 | Susan C. Mathews<br>Baker, Donelson, Bearman, et al<br>1301 McKinney Street, Suite 3700<br>Houston, TX 77010 | Matthew D. Giadrosich<br>Padfield & Stout, L.L.P.<br>100 Throckmorton Street<br>Suite 700<br>Fort Worth, TX 76102 |

| | | |
|---|---|---|
| Parker, Hudson, Rainer & Dobbs LLP<br>Attn: Anna K. MacFarlane<br>303 Peachtree St NE, Suite 3600<br>Atlanta, GA 30308 | Evan S. Goldstein<br>Updike, Kelly & Spellacy, P.C.<br>225 Asylum St., 20th Floor<br>Hartford, CT 06103 | James W. Brewer<br>Kemp Smith LLP<br>P.O. Drawer 2800<br>El Paso, TX 79999-2800 |
| James W. King<br>Offerman & King, L.L.P.<br>6420 Wellington Place<br>Beaumont, TX 77706 | Christopher L. Halgren<br>Elizabeth H. Lawrence<br>McGinnis Lochridge LLP<br>609 Main Street, Suite 2800<br>Houston, TX 77002 | Michael P. Ridulfo<br>Kane Russell Coleman Logan PC<br>5151 San Felipe, Suite 800<br>Houston, TX 77056 |
| Martin J. Lehman<br>Palmer Lehman Sandberg, PLLC<br>8350 N. Central Expwy, Suite 1111<br>Dallas, TX 75206 | Buffey E. Klein<br>Husch Blackwell LLP<br>1900 N. Pearl Street, Suite 1800<br>Dallas, TX 75201 | Lynn Hamilton Butler<br>Husch Blackwell LLP<br>111 Congress Avenue, Suite 1400<br>Austin, TX 78701 |

## Exhibit A

**"Proposed Order"**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE:<br><br>**BALKAN EXPRESS, LLC,** *et al.*<br><br>Debtors.[1] | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 25-41544<br><br>(Jointly Administered) |

**ORDER GRANTING DEBTORS' MOTION FOR EXTENSION OF EXCLUSIVITY
PERIODS TO FILE A PLAN AND SOLICIT VOTES IN CONNECTION THEREWITH**
[Relates to Docket No. _]

Upon consideration of the *Debtors' Motion for Extension of Exclusivity Periods to File a Plan and Solicit Votes in Connection Therewith* (the "Motion"),[2] filed by Balkan Express, LLC ("Balkan") and Balkan Logistics, LLC ("Logistics" and together with Balkan, the "Debtors"), as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Balkan Express, LLC (3974), and Balkan Logistics, LLC (8202). The Debtors' mailing address is 2560 E Long Ave, Fort Worth, Texas 76137.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

**ORDER GRANTING DEBTORS' MOTION TO EXTEND EXCLUSIVITY PERIODS**      **PAGE 1 OF 3**

debtors and debtors-in-possession in the above-captioned Chapter 11 Cases, for entry of an order extending the periods under Section 1121(c) of the Bankruptcy Code during which the Debtors have the exclusive right to file a Chapter 11 plan of reorganization and solicit votes and seek acceptances of the plan; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A); venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and the Court having found and determined that the relief sought in the Motion is in the best interest of the Debtors' estates, their creditors, and other parties in interest, that the Debtors have shown good, sufficient, and sound business purpose and justification for the relief requested in the Motion, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein. After due deliberation, the Court has determined that good and sufficient cause has been shown for the relief requested in the Motion.

    **IT IS HEREBY ORDERED THAT**:

    1.    The Motion is GRANTED as set forth herein.

    2.    All objections to the entry of this Order, to the extent not withdrawn, resolved, or settled, are overruled.

    3.    Pursuant to Bankruptcy Code § 1121(d), the Exclusivity Period for the Debtors to a) file a Chapter 11 plan; and b) solicit acceptances are hereby extended for ninety (90) days to and including **November 26, 2025** and **January 26, 2026**, respectively, without prejudice to the Debtors' right to seek additional and further extensions of this period.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

### ### END OF ORDER ###

*Submitted by*:

Joshua N. Eppich (TBN 24050567)
Ken Green (TBN 24036677)
Eric T. Haitz (TBN 24101851)
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: joshua@bondsellis.com
Email: ken.green@bondsellis.com
Email: eric.haitz@bondsellis.com

*Counsel for Debtors and Debtors-in-Possession*