

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 16, 2025**

_____
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| IN RE:<br><br>BALKAN EXPRESS, LLC, *et al.*<br><br>Debtors.[1] | § Chapter 11<br>§<br>§ Case No. 25-41544<br>§<br>§ (Jointly Administered)<br>§<br>§ |

**ORDER GRANTING DEBTORS' SECOND MOTION FOR
EXTENSION OF EXCLUSIVITY PERIODS TO FILE A PLAN AND
SOLICIT VOTES IN CONNECTION THEREWITH**
[Relates to Docket No. 331]

Upon consideration of the *Debtors' Second Motion for Extension of Exclusivity Periods to File a Plan and Solicit Votes in Connection Therewith* [Docket No. 331] (the "Motion"),[2] filed by Balkan Express, LLC ("Balkan") and Balkan Logistics, LLC ("Logistics" and together with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Balkan Express, LLC (3974), and Balkan Logistics, LLC (8202). The Debtors' mailing address is 2560 E Long Ave, Fort Worth, Texas 76137.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

Balkan, the "Debtors"), as debtors and debtors-in-possession in the above-captioned Chapter 11 Cases, for entry of an order further extending the periods under Section 1121(c) of the Bankruptcy Code during which the Debtors have the exclusive right to file a Chapter 11 plan of reorganization and solicit votes and seek acceptances of the plan; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A); venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and the Court having found and determined that the relief sought in the Motion is in the best interest of the Debtors' estates, their creditors, and other parties in interest, that the Debtors have shown good, sufficient, and sound business purpose and justification for the relief requested in the Motion, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein. After due deliberation, the Court has determined that good and sufficient cause has been shown for the relief requested in the Motion.

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. All objections to the entry of this Order, to the extent not withdrawn, resolved, or settled, are overruled.

3. Pursuant to Bankruptcy Code § 1121(d), the Exclusivity Period for the Debtors to a) file a Chapter 11 plan; and b) solicit acceptances are hereby extended for ninety (90) days to and including **February 24, 2026** and **April 27, 2026**, respectively, without prejudice to the Debtors' right to seek additional and further extensions of this period.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

### ### END OF ORDER ###

*Submitted by*:

Joshua N. Eppich (TBN 24050567)
Ken Green (TBN 24036677)
Eric T. Haitz (TBN 24101851)
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: joshua@bondsellis.com
Email: ken.green@bondsellis.com
Email: eric.haitz@bondsellis.com

*Counsel for Debtors and Debtors-in-Possession*