Joshua N. Eppich
Texas Bar I.D. No. 24050567
Eric T. Haitz
Texas Bar I.D. No. 24101851
Bonds Ellis Eppich Schafer Jones LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: joshua@bondsellis.com
Email: eric.haitz@bondsellis.com

**COUNSEL FOR THE DEBTORS**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NOTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re:<br><br>BALKAN EXPRESS, LLC, *et al.,*<br><br>Debtors.[1] | Case No. 25-41544-11<br>Chapter 11<br>Jointly Administered |

**DEBTORS' MOTION FOR ORDER APPROVING COMPROMISE AND
SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN
WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST
FILE YOUR RESPONSE ELECTRONICALLY AT
HTTPS://ECF.TXNB.USCOURTS.GOV/ NO MORE THAN TWENTY-FOUR
(24) DAYS AFTER THE DATE THIS MOTION WAS FILED. IF YOU DO NOT
HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN
RESPONSE THAT IS ACTUALLY RECEIVED BY THE CLERK AND FILED ON
THE DOCKET NO MORE THAN THIRTY-ONE (31) DAYS AFTER THE DATE
THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE
PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Balkan Express, LLC (3974) and Balkan Logistics, LLC (8202).

TO THE HONORABLE EDWARD L. MORRIS,
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES, Balkan Express LLC and Balkan Logistics LLC (the "**Debtors**") and files

this Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019

(the "Motion"), and in support thereof respectfully show the Court as follows:

## I.       RELIEF REQUESTED

1.       By this Motion, and in accordance with Bankruptcy Rule 9019(a), the Debtors

requests that the Court enter an order approving the Settlement Agreement and Mutual Release

(the "Settlement") between Gorjana Zuza f/k/a Gorjana Karic ("**Zuza**") and the Debtors that would

resolve any and all claims and causes of action Zuza holds against the Debtors and the Debtors'

bankruptcy estate. A copy of the Settlement Agreement is attached as **Exhibit A** to the proposed

order attached to this Motion. Per the Settlement Agreement, the Debtors will pay $1,550,000.00

to Zuza (the "**Zuza Payment**"), in satisfaction of all claims held by Zuza against the Debtors and

the Debtors' bankruptcy estates, including Claim No. 42 that Zuza has asserted against the Debtors

in the amount of $2,563,000, and Zuza shall have no further recovery from the Debtors and the

Debtors' bankruptcy estates.  The Settlement Agreement does not release any rights, claims or

causes of action Zuza has against Zlatan Karic, individually, and any other obligor or guarantor

(other than the Debtors) for any remaining unpaid balance due under the Divorce Decree and

Secured Promissory Note, as those terms are defined below.  All remaining funds of the Debtors'

estates, after payment of the Zuza Payment, shall be used to satisfy the claims of the estates in

accordance with the priorities established under the Bankruptcy Code.

## II.      JURISDICTION AND VENUE

2.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is

a core proceeding under 28 U.S.C. § 157.  The Debtors confirm their consent, pursuant to

2

Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The basis for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### III.    BACKGROUND

4.      On April 30, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Forth Worth Division (the "Bankruptcy Court").

5.      The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. *See* Docket No. 25.

6.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No request for a trustee or examiner has been made in these cases, and no committees have been appointed or designated.

7.      Zuza asserts a claim against the Debtors in the amount of $2,563,000.00, Claim No. 42 (the "**Zuza Claim**").  Zuza asserts the Zuza Claim is secured by a lien on the real property located at 2560 E. Long Ave., Fort Worth, Texas 76137 (the "**Truck Terminal**"), arising from an Agreed Final Decree of Divorce entered on May 30, 2017, in the matter styled *In re the Marriage of Zlatan Karic and Gorjana Karic*, Cause No. 325-599353-16, in the 325th Judicial District Court of Tarrant County, Texas (the "**Divorce Decree**").

8.      The Bankruptcy Court authorized the sale (the "**Sale Transaction**") of the Truck

3

Terminal to CanTex RE Holdings, LLC (the "**Purchaser**") and the sale closed for a total cash consideration to Debtors, before costs and taxes, of $3,600,000. Following distributions and costs of sale, the Debtors are holding $2,689,000 (the "**Sale Proceeds**") in escrow.

9.      On November 26, 2025, Zuza filed her Motion of Gorjana Zuza to Pay Secured Claim [Docket No. 333] (the "**Motion to Pay**"), seeking authorization for the Debtors to pay the Zuza Claim in full from the Sale Proceeds.

10.      On December 15, 2025, Compass Funding Solutions LLC ("**Compass**") filed Adversary Proceeding No. 25-04155 (the "**Adversary Proceeding**"), asserting a Complaint to Determine the Extent, Validity, and Priority of Lien and for Other Relief [Docket No. 337], seeking, among other things, a declaratory judgment that Zuza's purported lien on the Truck Terminal is invalid.

11.      Also on December 15, 2025, Compass filed its Objection to the Zuza Claim [Docket No. 336] (the "**Claim Objection**") in the main bankruptcy case, seeking to disallow and expunge the Zuza Claim.

12.      Zuza filed her Response to the Claim Objection [Docket No. 349] and her Motion to Dismiss the Adversary Complaint for Lack of Standing, each contesting the relief sought by Compass [Docket No. 7 in Adversary Proceeding 25-04155].

13.      No order from the Bankruptcy Court granting authority for a non-Debtor to prosecute claims on behalf of the Debtors' bankruptcy estates has been entered.

### IV.      SUMMARY OF SETTLEMENT AGREEMENT

14.      The Debtors will make the Zuza Payment within three (3) business days following entry of an order approving the Settlement Agreement in full satisfaction of all claims held by Zuza against the Debtors and the Debtors' bankruptcy estates.  Zuza's release does not release any

4

claims that Zuza may have against any other persons or entities to recover any additional amounts that she may be entitled to under the Divorce Decree.

15.    In consideration of the Zuza Payment, the Zuza Claim shall be satisfied in full with respect to the Debtors and the Debtors' Estates and Zuza shall have no further claim against the Debtors' bankruptcy estates on account of the Zuza Claim or any related claim.

16.    All remaining funds of the Debtors' bankruptcy estates, including the remaining funds from the Sale Proceeds, shall be used to satisfy the remaining claims of the estates in accordance with the priorities established under the Bankruptcy Code.

## V.    ARGUMENTS AND AUTHORITIES

17.    Rule 9019(a) states that "[o]n motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement . . . " Fed. R. Bankr. P. 9019(a). "Bankruptcy Rule 9019, unique in that it does not have a parallel section in the Code, has a 'clear purpose…to prevent the making of concealed agreements which are unknown to the creditors and unevaluated by the court.'" *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 461 (2d Cir. 2007)(quoting *In re Masters, Inc.*, 141 B.R. 13, 16 (Bankr. E.D.N.Y. 1992)).

18.    *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968) is the foundational case for evaluating settlements under Bankruptcy Rule 9019. "Approval of a settlement should only be given if the settlement is 'fair and equitable and in the best interest of the estate.'" *Official Committee of Unsecured Creditors v. Cajun Elec. Power Coop (In re Cajun Elec. Power Coop.)*, 119 F.3d 349, 355 (5th Cir. 1997). In deciding whether a settlement is fair and equitable, the court must evaluate the following factors:

    i.    The probability of success in the litigation, with due consideration for the

5

uncertainty in fact and law;

ii.     The complexity and likely duration of the litigation and any attendant expense,

inconvenience and delay; and

iii.    All other factors bearing on the wisdom of the compromise.

*See Cajun Elec. Power Coop*, 119 F.3d at 356.

19.     The third prong's 'other factors' include "(i) the best interest of the creditors, with proper deference to their reasonable views; and (ii) the extent to which the settlement is truly the products of arms-length bargaining, and not of fraud or collusion." *Official Comm. Of Unsecured Creditors v. Moeller (In re Age Ref., Inc.)*, 801 F.3d 530, 540 (5th Cir. 2015)(citing *Cajun Elec. Power Coop.*, 119 F.3d at 356).

20.     The Debtors contend that the terms of the Settlement Agreement are fair and equitable pursuant to the requirements established by the Supreme Court in *Anderson* and the Fifth Circuit in *Cajun Elec. Power Coop*.  The Settlement Agreement resolves the Zuza Claim without the time, expense and uncertainty of litigation and allows the Debtors to distribute the Sale Proceeds in accordance with the priorities set forth in Bankruptcy Code.

**A. The balance between the litigation's possibility of success and the settlement's future benefits**

21.     The Debtors contends that the possibility of success in litigation against Zuza is uncertain and there are a substantial questions concerning continuing litigation against Zuza that would cause the Debtors to incur administrative professional fees and expenses that will reduce the amount of the Sale Proceeds to be distributed to the creditors of the Debtors' bankruptcy estates. Zuza has filed the Divorce Decree and an Abstract of Judgment in the real property records of Tarrant County, Texas. It is questionable whether the Divorce Decree and related documents granted Zuza a secured interest in the Truck Terminal, whether Zuza's filings in the Tarrant County

6

real property records are sufficient to perfect a lien in the Truck Terminal and Sale Proceeds, whether the abstract of judgment was a post-petition transfer avoidable under Section 549 of the Bankruptcy Code, and whether the Zuza Claim was timely. The Settlement ends any litigation between the Debtors and Zuza and permits the Debtors to distribute all remaining funds of the Debtors' estates in accordance with the Bankruptcy Code.

22. In addition, the Settlement ends the Debtors' estates from continuing to incur administrative fees and expenses that will reduce the amount of Sales Proceeds and funds available for distribution to the estates' creditors in accordance with the Bankruptcy Code. The Debtors estates consist of the Sales Proceeds. The funds available for distribution will not increase but will only decrease as priority administrative claims are incurred in connection with litigation concerning the Zuza Claim.

**B. The likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment**

23. There is a high likelihood that litigation will be complex and protracted. Compass Bank has already initiated litigation against Zuza concerning the allowance and priority of the Zuza Claim. Regardless of the outcome of the Compass Bank litigation and any litigation between the Debtors and Zuza, it is likely that the non-prevailing party will appeal given the amount in controversy and the funds to satisfy either Compass Bank's or the Zuza Claim are currently escrowed. A settlement now brings finality, eliminates any meaningful litigation and preserves the Sales Proceed for distribution in accordance with the Bankruptcy Code. Continuing litigation creates additional uncertainty, especially with respect to the recoveries of other creditors of the Debtors' estates.

**C. The paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement**

24.     The Debtors are of the firm belief that the Settlement Agreement is in the best interest of the creditors as the Settlement Agreement removes any uncertainty of litigation, stops the incurrence of further attorney's fees and expenses in connection with these disputes, and permits the Debtors to proceed with distributing the estates' funds to creditors in accordance with the Bankruptcy Code. If the Settlement Agreement is not approved, the amount available for distributions to creditors will only decrease as the Debtors' estates incur more attorneys' fees and expenses related to litigating the Zuza Claim. This is also a substantial step in bringing the administration of this matter to an end.

**D. Whether other parties in interest support the settlement**

25.     At this time, it is unclear whether other parties in interest support the settlement but the Debtors will work with parties in interest to address the benefits of the settlement to general unsecured creditors and parties in interests' concerns.

**E. The nature and breadth of releases to be obtained by the Debtors**

26.     The Settlement Agreement contains a complete release by Zuza of all claims she has against the Debtors and the Debtors' estates.  This is to bring finality to the claims and disputes between the Debtors and Zuza.

**F. The competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy judge reviewing, the settlement; the Settlement Agreement was the result of arms-length negotiations**

27.     Counsel for the Debtors are competent and experienced in the Bankruptcy Code, Bankruptcy Rules, bankruptcy related litigation and the administration of bankruptcy estates. Zuza is represented by her own competent and experienced counsel.  The Settlement Agreement was reached after months of litigation and after the parties, through their counsel, exchanged settlement proposals both at and after mediation. The settlement was reached following extensive arms-length

8

negotiations conducted during and after mediation with retired Bankruptcy Judge Russell F. Nelms serving as mediator.

28.     The Debtors recognize that a degree of uncertainty and litigation risk exists with respect to continued litigation. The Debtors believe that the Settlement Agreement fairly accounts for such risk and provides for the resolution of disputes without the need for continued litigation and its attendant costs and expenses. The Debtors have attempted to achieve a resolution that maximizes value for the estate. Consequently, the Debtors urge that the Settlement Agreement is fair, equitable, and in the best interest of the estate and all concerned parties.

WHEREFORE, the Debtors respectfully request that the Court enter an order approving the Settlement Agreement and granting the Debtors such other legal or equitable relief as the Court may deem just and proper.

DATED: April 30, 2026                    Respectfully submitted,


/s/ Joshua N. Eppich
**BONDS ELLIS EPPICH SCHAFER JONES LLP**
Joshua N. Eppich (Texas Bar No. 24050567)
Eric T. Haitz        (Texas Bar No. 24101851)
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: joshua@bondsellis.com
Email: eric.haitz@bondsellis.com

-and-

Ken Green        (Texas Bar No. 24036677)
Aaron Guerrero    (Texas Bar No. 24050698)
402 Heights Boulevard
Houston, Texas 77007
(713) 335-4990 telephone
(713) 335-4991 facsimile
Email: ken.green@bondsellis.com
Email: aaron.guerrero@bondsellis.com

*Counsel for Debtors and Debtors-in-Possession*

9

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on April 30, 2026, a true and correct copy of the foregoing document was served by the Court's CM/ECF system on all parties requesting or consenting to such service in this case.

*/s/Aaron M. Guerrero*
Aaron M. Guerrero