John D. Robinson (TX Bar No. 24116977)
Aaron L. Hammer (IL Bar No. 6243069) (admitted *pro hac*)
Nathan E. Delman (IL Bar No. 6296205) (admitted *pro hac*)
Dante Wen (IL Bar No. 6333529) (admitted *pro hac*)
KILPATRICK TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7151
-and-
500 W. Madison Street, Suite 3700
Chicago, IL 60661
Email: john.robinson@ktslaw.com
Email: ahammer@ktslaw.com
Email: ndelman@ktslaw.com
Email: dwen@ktslaw.com

*Counsel to Compass Funding Solutions, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re: | Case No. 25-41544 |
| Balkan Express, LLC, *et al*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |

**COMPASS FUNDING SOLUTIONS, LLC'S RESPONSE TO THE
UNITED STATES TRUSTEE'S MOTIONS TO DISMISS CASES UNDER
11 U.S.C. § 1112(b) OR, IN THE ALTERNATIVE, TO CONVERT TO CHAPTER 7**

TO THE HONORABLE EDWARD L. MORRIS, U.S. Bankruptcy Judge:

Compass Funding Solutions, LLC ("Compass"), a secured creditor and post-petition lender

to the above-captioned debtors and debtors-in-possession, by and through its undersigned counsel,

hereby files this response to the United States Trustee's *Motion to Dismiss Cases under 11 U.S.C.*

*§ 1112(b) or, in the Alternative, to Convert to Chapter 7* (the "First Motion to Dismiss or to

Convert") [Dkt. No. 385] and the *Motion to Dismiss Cases under 11 U.S.C. § 1112(b) or, in the*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Balkan Express, LLC (3974), and Balkan Logistics, LLC (8202). The Debtors' mailing address is 2560 E Long Ave, Fort Worth, Texas 76137.

*Alternative, to Convert to Chapter 7* (the "Second Motion to Dismiss or to Convert," and together with the First Motion to Dismiss or to Convert, the "Motions to Dismiss or to Convert"), and in support thereof, respectfully states:

## BACKGROUND

1. On April 30, 2025 (the "Petition Date"), Balkan Express, LLC ("Balkan") and Balkan Logistics, LLC ("BL" and together with Balkan, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code[2] in this Court, thereby commencing chapter 11 cases (the "Chapter 11 Cases") jointly administered under case No. 25-05385. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Compass is both a pre-petition and post-petition secured creditor of the Debtors. Before the Petition Date, Compass and Balkan were party to that certain *Factoring and Security Agreement* [Dkt. No. 10, p. 16] (as amended and supplemented from time to time, the "Factoring Agreement,") wherein Compass provided, *inter alia*, factoring services to Balkan.

3. On May 30, 2025, this Court entered its *Final Order Authorizing Debtor to (I) Maintain and Continue to Operate Under Factoring and Security Agreement in Order to Sell Accounts Post-Petition to Compass Funding Solutions, LLC Pursuant to 11 U.S.C. § 363(B), (C), (F), and (M); (II) Obtain Working Capital from Compass Funding Solutions, LLC Pursuant to 11 U.S.C. § 364(C)(1), (C)(2), & (D)(1); (III) Grant Compass Funding Solutions, LLC Adequate Protection in the Form of First Priority Liens and Security Interests on Property of the Debtor's Estate Pursuant to 11 U.S.C. §§ 361 and 363(E); (IV) Modify the Automatic Stay; and (V) Grant Such Other Related Relief* (the "Final DIP Order") [Dkt. No. 123], which authorized the Debtors

---

[2] 11 U.S.C. § 1101 *et seq.* (the "Bankruptcy Code")

2

to enter into a post-petition factoring agreement with Compass.

4.     Additionally, on June 4, 2025, the Debtors filed their *Motion for Entry of an Order (I) Authorizing the Debtor to (I) Enter into the Truck Terminal Sale Agreement and (II) Enter into the Lease Agreement and Consummate the Leaseback Transaction; (B) Approving (I) the Stalking Horse Bid Protections, and (II) the Overbid Requirement; and (C) Granting Related Relief* [Dkt. No. 131] (the "Sale Motion"), which sought authority for Balkan to sell its real property located at 2650 E Long Ave, Fort Worth, Texas 76137 (the "Real Property").

5.     On July 11, 2025, this Court entered its *Order (A) Authorizing the Debtors to (I) Enter into the Truck Terminal Sale Agreement and (II) Enter into the Lease Agreement and Consummate the Leaseback Transaction; (B) Approving (I) the Stalking Horse Bid Protection, and (II) the Overbid Requirement; and (C) Granting Related Relief* [Dkt. No. 186] (the "Sale Order"), approving the Sale Motion.

6.     The sale of the Real Property closed shortly thereafter, and while certain distributions have been made, the Debtors are holding $2,689,000 in proceeds from the sale of the Real Property which has yet to be distributed to creditors. [Dkt. No. 391, ¶ 8].

7.     On October 15, 2025, Gorjana Zuza ("Zuza") filed a proof of claim in the amount of $2,563,000 (the "Claim"), which was assigned as claim number 42 in the claims register. Zuza is the ex-wife of Zlatan Karic, the Debtors' principal. The Claim asserts it is fully secured by the Real Property, and states the basis of perfection is a "Divorce Decree recorded in Real Property Records[.]"

8.     On November 26, 2025, Zuza filed her *Motion to Pay Secured Claim* [Dkt. No. 333] (the "Motion to Pay"). Upon information and belief, no funds have been disbursed to Zuza on account of her purported lien on the Real Property.

3

9. On December 15, 2025, Compass filed its *Objection to Motion to Pay Secured Claim* [Dkt. No. 335] and its *Objection to Claim No. 42 of Gorjana Zuza* [Dkt. No. 336] (the "Claim Objection"). On the same date, Compass filed its *Complaint to Determine the Extent, Validity, and Priority of Lien and for Other Relief* [Dkt. No. 337], thereby commencing an adversary proceeding (the "Zuza Adversary Proceeding") against Zuza, styled as *Compass Funding Solutions LLC v. Gorjana Zuza*, and assigned case number 25-AP-04155.

10. On May 7, 2026, the Debtors' filed their *Amended Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019* [Dkt. No. 391] (the "Zuza 9019 Motion"), proposing a settlement to which Compass is not a party, and to which Compass shall respond to via a separate pleading.

11. Presently, the Motion to Pay, Claim Objection, Zuza Adversary Proceeding, and the Zuza 9019 Motion all remain pending.

**<u>ARGUMENT</u>**

12. Section 1112(b) provides that upon a finding of "cause," the court shall either convert or dismiss a chapter 11 case "whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). In determining the "best interests of creditors and the estate", courts have held that this "includes protecting the bankruptcy process under which the estate is administered." *In re EarthSnap, Inc.*, 670 B.R. 49, 59 (Bankr. E.D. Tex. 2025) (quoting *In re Fleetstar LLC*, 614 B.R. 767, 782 (Bankr. E.D. La. 2020)).

13. This Court has broad discretion to determine whether dismissal or conversion is the correct relief. *See In re Solomon*, 129 F.3d 608 (5th Cir. 1997) ("The bankruptcy court has broad discretion to convert a case to chapter 7 upon a showing of cause and need not give exhaustive reasons for its determination."). That said, courts should consider the totality of the circumstances and factors as they arise, using their "equitable powers to reach an appropriate result in individual

cases.'" *In re TMT Procurement Corp.*, 534 B.R. 912, 921 (Bankr. S.D. Tex. 2015) (quoting *In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 n.5 (2d Cir. 1997); *In re Baribeau*, 603 B.R. 797, 802 (Bankr. W.D. Tex. 2019).

14. At this time, Compass takes no position on whether the Debtors should remain in chapter 11 and reserves all rights to assert arguments on this matter at a later date. In the event this Court determines that "cause" exists to convert or to dismiss, Compass avers that conversion to chapter 7 is preferable to dismissal as a chapter 7 trustee is best placed to control the sale proceeds, prosecute objections to claims filed against the Debtors, and pursue valuable claims of the Debtors' estates (the "Estates").

15. First, when, as here, a debtor has benefited from selling property free and clear of liens pursuant to the protections of the Bankruptcy Code, equity supports ensuring those proceeds are distributed under the Bankruptcy Code's distribution scheme, rather than being returned to the Debtors through dismissal, to allow creditors to receive the benefit of assets that were enhanced through the Chapter 11 Cases. *See Matter of Triangle Chemicals, Inc.*, 697 F.2d 1280, 1288 (5th Cir. 1983) (bankruptcy courts are courts of equity, and "equitable principles govern the exercise of its jurisdiction.").

16. Second, bankruptcy courts in the Fifth Circuit have addressed whether dismissal or conversion is appropriate where a bankruptcy estate has assets with equity and time and time again have held that "[w]hen there are estate assets with equity, conversion is the better course." *In re Delta AG Grp.*, LLC, 596 B.R. 186, 201 (Bankr. W.D. La. 2019); *see also In re Turkey Leg Hut & Co. LLC*, 665 B.R. 129, 143 (Bankr. S.D. Tex. 2024) (finding conversion preferable to dismissal even where the estate has a small amount of equity, and other factors favor conversion). Here, the Estates are holding nearly $2.7 million in sale proceeds, and upon information and belief there are valuable chapter 5 causes of action against insiders that a chapter 7 trustee could pursue. *See id.*

(holding that conversion was preferable where there were potential chapter 5 causes of action against insiders that a chapter 7 trustee could pursue).

17. Third, the Debtors have demonstrated that they are unwilling to act in the best interests of the Estates and their creditors. As explained more fully in Compass' *Objection to Motion to Pay Secured Claim*, *Objection to Claim No. 42 of Gorjana Zuza*, *Complaint to Determine the Extent, Validity, and Priority of Lien and for Other Relief*, which Compass incorporates herein, Zuza's alleged lien on the Real Property (if it even exists) is subject to challenge as her purported lien rights in the Real Property were invalid from inception, and no evidence exists that she properly perfected her lien.

18. Despite this viable challenge to the Claim, the Debtors have been unwilling to object to the Claim filed by Zuza, the ex-wife of the Debtors' principal, which led to Compass filing its *Motion for Entry of an Order Granting Compass Funding Solutions, LLC Derivative Standing and Authority to Prosecute and Settle Certain Claims and Causes of Action on Behalf of the Debtors' Estates* [Dkt. No. 371] (the "Motion for Derivative Standing"), which sought derivative standing to pursue any and all claims on behalf of the Estates against Zuza in the Zuza Adversary Proceeding, including but not limited to claims challenging the validity of Zuza's lien, fraudulent transfers claims, preference claims, and similar claims. *See* [Dkt. No. 371].

19. In response to Compass filing its Motion for Derivative Standing, the Debtors filed the Zuza 9019 Motion, which seeks approval of a $1.55 million payout by the Debtors to a creditor who lacks a valid lien on the Real Property. In essence, the proposed settlement and compromise is but the most recent effort by the Debtors' principal and his ex-wife to avoid litigation on the validity of the alleged lien by Zuza.

20. In the event of dismissal, it is plausible the Debtors would pay Zuza the full amount of the Claim ($2,563,000) and leave virtually nothing to other creditors. On this basis alone, where

6

dismissal benefits only an insider, conversion is more appropriate. *See Fleetstar*, 614 B.R. at 789

("Considering that dismissal would give an insider and competing creditor the reins on the assets

of the estate, including avoidance actions, at this point, creditors' best hope for recovery is through

conversion.").

21. Accordingly, if the Court finds that "cause" exists to convert or to dismiss,

conversion is in the best interests of the Debtors' creditors and the Estates.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Compass respectfully requests the entry of an

order, (i) denying the Motions to Dismiss or to Convert, or, in the event that this Court finds

"cause," to convert the Chapter 11 Cases to chapter 7, and (ii) granting such other relief as is just

and proper.

Dated: May 21, 2026                **KILPATRICK TOWNSEND & STOCKTON LLP**

*/s/ Aaron L. Hammer*
John D. Robinson
Texas Bar No. 24116977
Aaron L. Hammer (admitted *pro hac*)
Illinois Bar No. 6243069
Nathan E. Delman (admitted *pro hac*)
Illinois Bar No. 6296205
Dante Wen (admitted *pro hac*)
Illinois Bar No. 6333529
KILPATRICK TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7151
-and-
500 W. Madison Street, Suite 3700
Chicago, IL 60661
Email: john.robinson@ktslaw.com
Email: ahammer@ktslaw.com
Email: ndelman@ktslaw.com
Email: dwen@ktslaw.com


*Counsel to Compass Funding Solutions, LLC*

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served concurrently with filing by (a) the Court's CM/ECF noticing system upon all persons who have filed ECF appearances in this case, including counsel of record for the Debtor, the Office of the United States Trustee, and all persons and entities requesting notice under L.B.R. 2002-1(j).

By: */s/ Aaron L. Hammer*
Aaron L. Hammer